IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 125 WCM

| | | |
|---|---|---|
| CINDY DUCKWORTH | ) | |
| | ) | |
| Plaintiff, | ) | MEMORANDUM |
| | ) | AND |
| v. | ) | ORDER |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the parties' cross motions for summary judgment. Docs. 11 & 13.[1]

I. Procedural History

On April 30, 2015, Plaintiff filed applications for disability insurance benefits and supplemental security income. Transcript of Administrative Record ("AR"), pp. 230-233 & 234-239. Plaintiff's claims were denied upon initial review and upon reconsideration. AR pp. 80-95; 96-111; 112-126; & 127-141. Plaintiff thereafter requested a hearing before an administrative law judge ("ALJ") and a hearing was held in Charlotte, North Carolina, where Plaintiff appeared and testified. AR pp. 51-79. Plaintiff was represented by

---

[1] The parties have consented to the disposition of this matter by a United States Magistrate Judge. Docs. 9 & 10.

1

counsel at the hearing.

On May 4, 2018, the ALJ issued an unfavorable decision. AR pp. 11-25. The Appeals Council denied Plaintiff's request for review of that decision on February 27, 2019. AR pp. 1-6.

On April 12, 2019, Plaintiff filed the instant action. Doc. 1. Accordingly, Plaintiff exhausted her administrative remedies before timely filing this action and the ALJ's decision is the Commissioner's final decision for purposes of judicial review. See 20 C.F.R. § 404.981.

## II. The Five-Step Process

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. In this process, the Commissioner considers each of the following: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the impairments listed in Appendix I of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to

perform any other work considering his or her age, education, and residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520, 416.920; Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001); Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (per curiam).

The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

### III. The ALJ's Decision

The ALJ determined that Plaintiff had the severe impairments of "lumbar spondylosis, lumbar degenerative disc disease, L1 compression fracture, degenerative joint disease of the right knee, depression, anxiety, and opioid dependence." AR p. 16. After finding that Plaintiff's impairments did not meet or medically equal the severity of certain listed impairments, including Listings 1.02 and 1.04, the ALJ found that Plaintiff had the RFC to

> perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant could lift and/or carry 20 pounds occasionally and 10 pounds frequently. In an 8-hour workday, the claimant could stand, walk, or sit for 6 hours with the ability to alternate between sitting and standing every 30 minutes. She cannot climb ladders, ropes, or scaffolds. The claimant could occasionally stoop, kneel, crouch, or crawl. She must avoid working at

3

> unprotected heights. The claimant is limited to performing simple routine tasks. She is limited to maintaining concentration, persistence and pace for 2 hour periods during the workday.

> AR p. 18.

Utilizing this RFC, the ALJ found that Plaintiff could perform other work, including the representative occupations of sorter, final inspector, and wiper such that Plaintiff was not disabled from January 1, 2014 through May 4, 2018 (the date of the ALJ's decision). AR p. 25.

## IV. Standard of Review

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006) (quoting Mastro, 270 F.3d at 176). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or

substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

## V. Analysis

### A. Plaintiff's Allegations of Error

Plaintiff makes two allegations of error. First, Plaintiff contends that the ALJ did not properly evaluate certain medical opinion evidence. Second, Plaintiff argues that the ALJ erred by failing to consider a September 8, 2016 decision by a hearing officer with the North Carolina Department of Health and Human Services ("NCDHSS") that found Plaintiff to be disabled (the "Medicaid Decision," AR pp. 240-242).

### B. The Medicaid Decision

In the Medicaid Decision, the hearing officer found that Plaintiff:

> had a long history of compression fractures in her thoracic and lumbar spine with disc height loss with disc herniation that affects nerve roots. February 2016 CT scan of her lumbar spine confirmed continued severe compression deformity with 80% loss of height with severe disc space narrowing with encroachment on the ventral thecal sac. In August 2016 treating physician noted patient continued to have low back pain, tenderness and on physical examination she had decreased range of motion in flexion, extension and lateral bending.

5

AR p. 240.

The hearing officer went on to conclude that Plaintiff's "severe compression deformity with 80% loss of height with severe disc space narrowing with encroachment on the ventral thecal sac significantly limit[ed]" Plaintiff's ability to do basic work activities and that Plaintiff met "the disability requirement referenced in 20 CFR 416.920(d), Appendix 1, Listing 1.04 which directs a finding of disabled." AR p. 241. Consequently, Plaintiff was found to be disabled and therefore eligible for Medicaid. AR p. 241.

The Medicaid Decision is included in the administrative record, and Plaintiff's counsel noted it during the February 5, 2018 hearing. AR p. 77. However, the ALJ's May 4, 2018 decision does not mention or discuss the Medicaid Decision.

Although "[a] disability decision by another entity does not bind the SSA," the Fourth Circuit has held that the Administration generally must give substantial weight to a disability decision by the NCDHHS. Woods v. Berryhill, 888 F.3d 686, 692 (4th Cir. 2018). This "default rule" exists because "[b]oth NCDHHS and Social Security disability insurance benefits 'serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability'" and because "NCDHHS defines 'Medicaid to the Disabled' as a 'program of medical assistance for individuals under age 65 who meet Social Security's definition of disability.'" Id. (internal citations

omitted). "'Because the purpose and evaluation methodology of both programs are closely related,…in making a disability determination, the SSA must give substantial weight to' an NCDHHS disability decision." Id. (quoting Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 343 (4th Cir. 2012)).[2]

However, "an ALJ may deviate from this default rule and accord an NCDHHS disability decision less than 'substantial weight' if 'the record before the ALJ clearly demonstrates that such a deviation is appropriate.'" Woods, 888 F.3d at 692. To satisfy this standard, "an ALJ must give 'persuasive, specific, valid reasons for doing so that are supported by the record.'" Id. (quoting McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002)). "For example, an ALJ could explain which aspects of the prior agency decision he finds not credible and why, describe why he finds other evidence more credible, and discuss the effect of any new evidence made available after NCDHHS issued its decision." Id. "This list is not exclusive, but the point of this requirement—and of these examples—is that the ALJ must adequately explain his reasoning; otherwise, we cannot engage in a meaningful review."

---

[2] In Woods, the court considered a previous version of 20 CFR § 404.1504 which required an ALJ to "explain the consideration given to [decisions by other governmental or nongovernmental agencies regarding a claimant's disability] in the notice of decision for hearing cases." Woods, 888 F.3d at 691. The current version of this regulation states that for claims filed on or after March 27, 2017, the Commissioner will not analyze a disability decision made by another agency. 20 CFR § 404.1504. Because Plaintiff filed her applications prior to March 27, 2017, though, the version of 20 CFR § 404.1504 discussed in Woods is applicable.

Id. at 692-693 (citing Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013)); see also Lewis v. Berryhill, No. 3:17-cv-350-DCK, 2018 WL 3025955, at * 5 (W.D.N.C. June 18, 2018) (an ALJ's explanation for not giving a state agency administrative agency's disability decision substantial weight "must adequately lay out the ALJ's reasoning so that a court can engage in meaningful review.").

Here, the Commissioner recognizes that "[t]he ALJ did not address the Medicaid decision" but argues that remand is not required because the ALJ's "oversight is, on these facts, harmless error, because the Medicaid decision was based on an incorrect finding that Plaintiff's condition met Listing 1.04." Id.

"Under Woods, if the ALJ disagrees with the NCDHHS he must explain why with reference to the evidence considered." Morgan v. Berryhill, No. 1:17-cv-349-GCM, 2018 WL 6606077, at * 2 (W.D.N.C. Dec. 17, 2018). Courts in this district have, following Woods, required an ALJ to explain the weight given to a disability decision made by the NCDHHS, and have vacated and remanded where the ALJ failed to do so. See Conley v. Berryhill, No. 1:18-cv-245-GCM, 2019 WL 1795947, at * 3 (W.D.N.C. April 24, 2019) ("Defendant argues that the Medicaid decision was not before the ALJ and thus he was under no duty to consider it pursuant to Woods. The Court disagrees. The [Appeals Council] should have remanded the claim to the ALJ for evaluation of the Medicaid decision."); see also Brackett v. Saul, No. 3:19-cv-273-DSC,

2020 WL 354842, at * 2 (W.D.N.C. Jan. 17, 2020) (remanding where "ALJ failed to provide persuasive, specific and valid reasons for discounting the NCDHHS decision"); Reese v. Berryhill, No. 5:17-cv-149-FDW, 2018 WL 4365534, at * 3 (W.D.N.C. Sept. 13, 2018) ("Upon remand, the ALJ should provide specific and persuasive reasons supported by the record for according Plaintiff's Medicaid disability less than substantial weight.").

"If an ALJ does not even mention an NCDHHS disability decision, a reviewing court cannot know what weight the ALJ gave the decision, much less engage in meaningful review of a choice not to give the decision substantial weight." Lewis v. Berryhill, No. 3:17-cv-350-DCK, 2018 WL 3025955, at * 5 (W.D.N.C. June 18, 2018) (vacating and remanding). "Although the ALJ may ultimately be correct that the Plaintiff is not disabled," id., it is "inappropriate for this Court to in the first instance assess the probative value of the NCDHHS decision." Singleton v. Berryhill, No. 3:17-cv-552-FDW-DSC, 2018 WL 3631893, at * 4 (W.D.N.C. July 30, 2018) (remanding for "consideration, fact finding, and an adequate explanation concerning the NCDHHS disability determination.").

Accordingly, the Court finds that the decision of the Commissioner should be vacated, and that this matter should be remanded to allow the ALJ the opportunity to consider the appropriate weight to be assigned to the Medicaid Decision.

9

### C. Medical Opinion Evidence

Plaintiff also argues that the ALJ failed to consider adequately medical opinion evidence from Cheryl Flynn, a physician's assistant, and Dr. Roger Seagle, a physical consultative examiner. Specifically, Plaintiff contends that these medical opinions limit her to sedentary work and that "had Ms. Duckworth been restricted to performing no more than sedentary work as the standing restriction opinions of PA Flynn and Dr. Seagle indicate, a finding of 'disabled' would have been directed by the grids as of her 50th birthday...." Doc. 12, p. 12.

"[R]emand provides the opportunity for the ALJ to modify any prior basis for the prior decision in the new decision issued upon remand" and therefore the ALJ on remand may consider this issue as well. Reese, 2018 WL 4365534, at * 3.[3] However, because the Court finds that remand is required to allow the Commissioner to consider the Medicaid Decision, the Court does not reach Plaintiff's argument regarding the weight assigned to certain medical opinion evidence. Id. ("the Court does not take a position on the merits of Plaintiff's application for disability benefits nor does the Court express any

---

3 "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. 292, 299, 113 S. Ct. 2625, 2630, 125 L.Ed. 2d 239 (1993) (quoting Sullivan v. Finkelstein, 496 U.S. 617, 624-25, 110 S.Ct. 2658, 2663, 110 L.Ed.2d 563 (1990)).

opinion as to Plaintiff's other assignments of error.") (citing <u>Newton v. Apfel</u>, 209 F.3d 448, 455 (5th Cir. 2000)).

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Motion for Summary Judgment (Doc. 11) is **GRANTED** and the Commissioner's Motion for Summary Judgment (Doc. 13) is **DENIED**.

2. The Commissioner's final decision (the ALJ's May 4, 2018 decision) is **VACATED** and this matter is **REMANDED** to the Commissioner for further proceedings.

Signed: March 10, 2020

W. Carleton Metcalf
United States Magistrate Judge